WILMERHALE
Joshua Marc Salzman

+1 202 663 6922 (t)
+1 202 663 6363 (f)
joshua.salzman@wilmerhale.com

June 20, 2013

Honorable A. Richard Caputo
U.S. District Court
Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

Re:   **Commonwealth v. Dowling,** Civil Action No. 1:13-cv-0510; **Commonwealth v. Dick**, Civil Action No. 1:13-cv-561; **Commonwealth v. Sepulveda**, Civil Action No. 3:13-511

May it please the Court:

At oral argument held on June 19, 2013, in the above-referenced cases, the Court asked me whether I was aware of any authority applying the private-right-of-action doctrine where the party found to lack a right of action was a state government. I responded that I was aware of one such decision (which in fact had been cited by the Philadelphia District Attorney's Office in related litigation), but I was unable to provide the Court with the citation. I write to inform the Court that the case that I was referring to is *New Jersey Dep't of Envtl. Protection & Energy v. Long Island Power Auth.*, 30 F.3d 403 (3d Cir. 1994).

Specifically, that case holds:

This test [for inferring private rights of action] applies to states as well as private parties seeking implied rights of action. In *FMC Corp*, we applied *Cort* to a claim by the federal government that it had a right of action under a federal patent law. We stated, "Separation-of-powers concerns apply with equal weight whether the enforcing party is a private litigant or the United States. In either case, the central problem is the same: did Congress intend to authorize a right of action about which the statute is silent?" *FMC Corp.*, 717 F.2d at 780. That logic has equal force here—it is Congress which must determine whether any particular party, be it state, federal government, or private person, has a right of action under a federal statute.

*Id.* at 421 n.34.

WILMERHALE

June 20, 2013
Page 2

Thank you for your consideration.

                Respectfully,

                s/ Joshua M. Salzman

                Joshua M. Salzman

cc:    Christopher J. Schmidt, Esquire

       Mark S. Matthews, Esquire

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2013, a true and correct copy of the foregoing letter was served via ECF upon the following:

    Christopher J. Schmidt
    Office of Attorney General - Criminal Law Division
    Appeals and Legal Services Section
    16th Floor
    Strawberry Square
    Harrisburg, PA 17120

    Amy Zapp
    PA Office of the Attorney General
    Capital Litigation Unit
    16th Floor - Strawberry Sq.
    Harrisburg, PA 17120

    Mark S. Matthews
    Office of the District Attorney
    610 Monroe Street
    Suite 126
    Stroudsburg, PA 18360

    /s/ Thomas B. Schmidt, III
    Thomas B. Schmidt, III